UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DANNY COLON,

                                        Plaintiff,

- against -

THE CITY OF NEW YORK;
THE NEW YORK CITY HOUSING AUTHORITY;
JAMES THEIS, a former detective employed
by the New York City Police Department,
MICHAEL CODELLA (aka "Rambo"), a former
detective with the New York City Housing
Authority Police Department, and JOHN DOE
Nos. 1 through 5 (whose identities are currently
unknown but who are known to have been
detectives and supervisors with the New York City
or New York City Housing Authority
Police Department), as individuals and in their
official capacities,

                                        Defendants.
------------------------------------------------------------------------x

**NOTICE OF REMOVAL**

Docket
12CV9205 (unassigned)

ECF Case

Bronx County
Index No.: 307698/12

        Defendant, THE CITY OF NEW YORK, ("CITY"), by its attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, upon information and belief, respectively petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as follows:

        1.     On September 19, 2012, Plaintiff DANNY COLON ("Plaintiff") commenced the above-captioned civil action which is currently pending in the Supreme Court of the State of New York, Bronx County, under Index No. 307698/12, and of which a trial has not yet been had therein. A copy of the Summons and Complaint, including all attached exhibits is annexed hereto as Exhibit A.

2. Thereafter, on November 19, 2012, the CITY received service of a copy of Plaintiff's Summons and Complaint, and, on December 4, 2012, Plaintiff signed a stipulation extending the CITY's time to answer the Complaint through January 14, 2013. A copy of the stipulation extending time to answer is annexed hereto as Exhibit B.

3. The within action seeks monetary damages for injuries suffered by Plaintiff due to the individually named defendants alleged pervasive misconduct, including the initiation and continuation of false and unfounded criminal charges, the denial of due process and a fair trial under the Fifth, Sixth and Fourteenth Amendments, and the malicious prosecution and deprivation of liberty under both state law as well as the Fourth and Fourteenth Amendments. See ¶¶ 1-4, 152-156, 157-162, and 163-171 of Exhibit A.

4. In addition to the individually named defendants, as a result of their alleged unlawful policies, customs or practices, and/or deliberate indifference to the unlawful practices of their employees, as well as the New York County District Attorney's Office, a purported "New York City agency", the Complaint further seeks to hold liable municipal defendants the CITY and the NEW YORK CITY HOUSING AUTHORITY ("NYCHA") pursuant to 42 U.S.C. § 1983, and Monell v. Dept. of Social Services, 436 U.S. 658 (1978). See ¶¶ 5, 163-171, 172-181, 182-192, 193-242 of Exhibit A.

5. Accordingly, this is an action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. See, Pastures v. Allied Barton Sec. Servs., 2011 U.S. Dist. LEXIS 151782 (S.D.N.Y. 2011) (district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.).

6. Furthermore, since all state law claims within the complaint arise out of a common nucleus of operative facts, namely, the alleged police and prosecutorial misconduct involved during Plaintiff's prosecution and trial, both state and federal claims form part of the same case or controversy under Article III of the United States Constitution, and this Court's exercise of supplemental jurisdiction is therefore appropriate. See, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F.2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of Union officials toward appellees' assertion of their § 101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

7. This Notice of Removal is filed within thirty (30) days of receipt by the CITY of the Plaintiff's Complaint. See, 28 U.S.C. § 1446(b)(2)(B).

8. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all known process and pleadings filed herein. See Exhibit A. Copies of all affidavits of service filed by Plaintiff in New York State Supreme Court, Bronx County, are annexed hereto as Exhibit C.

9. By filing this Notice of Removal, the CITY does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest in personam jurisdiction, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

10. After having conferred with their clients, attorneys for the co-defendants "NYCHA" and MICHAEL CODELLA have provided written consent to this removal, copies of which are annexed hereto as Exhibit D and Exhibit E, respectively.

11. Upon information and belief, co-defendant JAMES THEIS has not been served process with a copy of the pleadings at the time the removal petition is filed. As the state court has yet to acquire jurisdiction over co-defendant THEIS, his consent to this removal is not required. See, Pacific Westeel Racking, Inc. v. Evanston Ins. Co., 2008 U.S. Dist. LEXIS 11053, 11055 (S.D.N.Y. 2008) (one exception to the Rule of Unanimity is where the non-joining defendants have not been served with service of process at the time the removal petition is filed).

12. In any event, co-defendant JAMES THEIS has provided the CITY with written consent to remove this matter, a copy of which is annexed hereto as Exhibit F.

13. Lastly, in the context of removal under 28 U.S.C. § 1441(a), the requirement of unanimity does not extend to unserved, let alone unidentified co-defendants "JOHN DOE Nos. 1 through 5". Varela v. Flintlock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001); see also, Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

**WHEREFORE**, the CITY respectfully requests that the instant action now pending before Supreme Court of the State of New York, Bronx County, be removed to the United States District Court of the Southern District of New York, and for such other and further relief as this Court deems proper and just.

Dated: New York, New York
December 17, 2012

        MICHAEL A. CARDOZO,
        Corporation Counsel of the City of New York
        Attorney for City of New York
        100 Church Street
        New York, NY 10007
        (212) 788-0563
        ewest@law.nyc.gov

By: _____
        ERIC H. WEST  (EW3000)
        Special Assistant Corporation Counsel

TO:   LAW OFFICES OF JOEL B. RUDIN, ESQ.
      Attorney for the Plaintiff
      200 West 57th Street, Suite 900
      New York, New York 10019
      phone: 212-752-7600
      fax: 212-980-2968
      jbrudin@aol.com

      PATRICK LAWLESS, ESQ.
      WILSON, ELSER, MOSKOWITZ,
      EDELMAN and DICKER, LLP.
      Attorney for Defendant
      NEW YORK CITY HOUSING AUTHORITY
      150 East 42nd Street
      New York, New York 10017
      212.915.6091 (Direct)
      212.490.3000 (Main)
      212.490.3038 (Fax)
      patrick.lawless@wilsonelser.com

      RONALD P. BERMAN, ESQ.
      Attorney for Defendant
      MICHAEL CODELLA
      110 Wall Street, 30th Floor
      New York, New York 10005
      212.422.1414 (t)
      212.422.1464 (f)
      rpb@bermanslaw.com