LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

TERRI S. ROSENBLATT
STEVEN R. AQUINO

JABBAR COLLINS
(Legal Analyst)

June 12, 2014

**ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Colon v. City of New York*
            12 CV 9205 (JMF)

Dear Judge Furman:

I am writing this joint letter on behalf of the parties, as per the Court's prior orders (see DE 96 and 104), to apprise the Court of open discovery issues as well as to propose, in advance of the conference now scheduled for June 19 at 3 p.m., a schedule for remaining discovery.

### Discovery Issues

1.    <u>DANY Discovery</u>.    The Court already has before it the motion of Defendants City of New York and Theis to compel production of documents that Plaintiff contends are privileged, as well as my status report of June 6 regarding document production issues with the New York County District Attorney's Office ("DANY"). DANY responded by letter dated June 11, and Plaintiff is replying today. As a further update to my June 6 report, I today filed a motion for clarification and/or reargument of our grand jury unsealing motion. The motion is returnable June 20.

2.    <u>Defendant Codella Disciplinaries</u>.    The only additional issue that is raised by Plaintiff concerns disciplinary and personnel records of Defendant Michael Codella, who was employed for many years by the New York City Housing Authority ("NYCHA") police, which in 1995 was incorporated into the New York City Police Department ("NYPD"). In November, 2013, counsel for all parties conferred and agreed to parameters for what would be deemed "relevant" and therefore discoverable with respect to disciplinary and personnel records maintained by NYCHA. Mr. Berman, counsel for Codella, then reviewed documents supplied to him by the New York City

Law Department, after which he declined production, representing that none of the records were "relevant" within the meaning of the agreement among counsel. Based upon statements made by Mr. Codella in his book, *Alphaville* (St. Martin's Press 2010), I believe that Mr. Berman has not received all of the records that should be available, either through the NYPD or NYCHA. At my request, Mr. Berman has agreed to furnish additional details concerning the nature and content of the materials that he has received and reviewed. I also have asked the Defendants NYCHA and City of New York (responsible for NYPD) to revisit this issue. If it turns out that the records cannot be produced, we will discuss with these parties an appropriate way to deal with this issue and will raise the matter with the Court only if it cannot be satisfactorily resolved.

3. <u>Subpoena to U.S. Attorney and Drug Enforcement Agency</u>. There is one additional discovery matter being pursued by plaintiff that is relevant. Plaintiff has subpoenaed records of the U.S. Attorney for the Southern District of New York and the Drug Enforcement Administration regarding "cooperating" witness Daniel Core and defendant Codella. AUSA Ellen London of the Civil Division has been working on accumulating the documents and has represented to me that she will begin producing responsive documents by the end of June and expects to complete production by mid-July, pursuant to an appropriate confidentiality stipulation and order that she will circulate to the parties.

4. <u>Plaintiff's Google Account</u>. A final discovery matter, about which City defendants and plaintiff are conferring and which does not require Court intervention at this time, is City defendants' request for the contents of one of plaintiff's email accounts, for which plaintiff has forgotten his password. By memo endorsement dated February 14, 2014, the Court ordered plaintiff to retrieve the password, or, if unsuccessful, to subpoena Google for the password or the account contents. Dkt. No. 65. By attachments to correspondence dated February 27, 2014, plaintiff's counsel informed City defendants that they had subpoenaed Google and that Google refused to comply. City defendants and plaintiff have agreed to review the issue to explore a resolution.

## Discovery Scheduling

The parties propose the following schedule:

### Document Discovery

To be completed by July 31, 2014 (subject to the Court's determination of the pending issues).

### Depositions

Plaintiff intends to depose former ADA Margaret Finerty (original trial prosecutor); ADAs Michael Fistel and Stuart Silberg (handled matter for re-trial and through dismissal); defendants Codella and Theis; William Perez (former defendant in FDR Murder case); the initial ghost writer and the eventual co-author of Codella's book; and, F.R.Civ.P. 30(b)(6) witnesses for NYPD, NYCHA, and the Manhattan D.A. The 30(b)(6) depositions are likely to identify additional individuals with knowledge of training and disciplinary issues whom Plaintiff may wish to depose.

Defendants intend to depose Plaintiff, his former co-defendant Anthony Ortiz, 30(b)(6) witnesses (relevant to New York City's cross-claims against NYCHA), and possibly trial witnesses Vera and Core and criminal defense counsel for Colon and Ortiz.

Due to conflicting vacation schedules throughout August by the various counsel, it appears that no depositions can be held until September. In addition, Mr. Colon yesterday had brain surgery to remove a benign tumor and has a second surgery scheduled for mid-July that will require a recuperation period, according to his doctors, of 4-to-12 weeks. The parties request 90 days, through December 1, to conduct the depositions.

### Expert Disclosure

The parties request the following schedule for expert disclosure. Plaintiff will disclose by November 15 the identities of its experts; Defendants will have until December 15 to disclose the identities of its experts; Plaintiff will provide reports from its experts by December 31, and Defendants by January 30, 2015; depositions of experts will be completed by February 27, 2015.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc: All Counsel (by ECF)

Sarah Hines, Esq. (by e-mail)
*Assistant District Attorney, New York County*