LAW OFFICES OF

# JOEL B. RUDIN

200 WEST 57TH STREET
SUITE 900
NEW YORK, NEW YORK 10019

TELEPHONE: (212) 752-7600
FACSIMILE: (212) 980-2968
E-MAIL: jbrudin@aol.com

JOEL B. RUDIN

TERRI S. ROSENBLATT
STEVEN R. AQUINO

JABBAR COLLINS
(Legal Analyst)

June 12, 2014

**ECF**

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Colon v. City of New York*
            12 CV 9205 (JMF)

Dear Judge Furman:

This is a reply to certain arguments made in ADA Hines' letter of June 11 opposing further discovery of records on behalf of the District Attorney, New York County ("DANY").

    **I.**    **Documents from *People v. Colon***

We have initiated the requisite grand jury unsealing motion in New York County. The Bronx transcript, however, presents a different issue. It was provided to DANY for disclosure at the Colon trial in 1993 as *Brady* material. Under these circumstances, there is no grand jury secrecy issue and this Court may and should direct disclosure. Requiring still another motion in the Bronx to unseal a transcript that already has been unsealed would be needlessly burdensome.

    **II.**    **Other Case Files**

DANY has produced none of the documents in its Colon file containing statements by Core or others about Core's involvement in the FDR Murders. Considering the *Brady* and malicious prosecution claims we have made which concern what information was known to the police and the DA's Office at the time of prosecution and trial, we have a compelling need for disclosure of such materials, and asking a filing clerk to locate old case files is need burdensome. ADA Hines represents that she cannot produce materials from her Office's file in *People v. Danny Core*, Ind. 9180/90 because the court case is "sealed pursuant to CPL § 160.50," but I sent my associate to the clerk's office this morning and he was told the file is not sealed.

### III. Additional *Monell* Materials

Defendant City of New York did not move to dismiss this claim, and DANY has no standing to continually oppose *Monell* disclosure based its spin of the underling facts, its distortion of Plaintiff's legal theory, and its erroneous assumptions about the state of the law.

First, DANY misstates Plaintiff's theory. Based upon the presently available evidence, our theory is not that DANY engaged in a "systemic pattern of wrongdoing" or had a "policy" to violate *Brady* or related due process/fair trial rules, but that policymakers were indifferent to such misconduct when it did occur, thereby encouraging its repetition – a well-established theory of *Monell* liability. *See, e.g., Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (lack of an adequate disciplinary system; "no meaningful attempt on the part of the municipality to investigate" complaints against police); *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119, 121-23 (2d Cir. 1991) (failure to investigate police involved in a dozen alleged incidents over 14 years); *Vineyard v. County of Murray, Georgia*, 990 F.2d 1207, 1211-12 (11th Cir. 1993) (liability upheld for single incident where failure to have any disciplinary system was a substantial cause); *Gutierrez v. Cartagena*, 882 F.2d 553, 566 (1st Cir. 1989) (deficient disciplinary system "made it highly likely that the police offices ... would engage in [unconstitutional] conduct"); *Gentile v. County of Suffolk*, 926 F.2d 142, 153 (2d Cir. 1991) (upholding judgment against county for county's inadequate police disciplinary policies); *Fiacco v. City of Rensselaer*, 783 F.2d 319, 330-32 (2d Cir. 1986) (liability based upon "uninterested and superficial" responses to five incidents over a two-year period); *Baba-Ali v. City of New York*, 979 F. Supp. 268, 274 (S.D.N.Y. 1997) (Batts, D.J.) (upholding claim, under *Walker v. City of New York*, 974 F.2d 293, 300 (2d Cir. 1992), based upon nine alleged *Brady* violations by the Queens D.A.'s Office over many years).

Second, a policy of indifference may be shown with evidence of incidents that occurred, were revealed, or were inadequately investigated or disciplined, *after* the occurrence in the individual plaintiff's case. *See Collins v. City of New York*, 923 F. Supp.2d 462, 477 (citing case law). *See also Gentile v. County of Suffolk*, 926 F.2d at 151 (post-incident ratification permits inference that unlawful policy existed at the time of the violation of the plaintiff's rights).

Third, the other incidents that were inadequately investigated or disciplined need not be identical or even similar in nature to the violation involving the plaintiff. *See, e.g., Cash v. County of Erie*, 654 F.3d 324, 329 (2d Cir. 2011) (relying, in a prison sexual assault case, on prior incident of *invited sexual contact* between a prisoner and guards to "support[] a jury inference that defendants were not committed ... to protect prisoners from sexual exploitation"); *Vann v. City of New York*, 72 F.3d at 1050 (upholding reliance, in a police brutality case, on "evidence of the Department's general methods of dealing with *problem policemen* ...") (emphasis added); *Gentile v. County of Suffolk*, 926 F.2d at 146 (plaintiff properly relied, in police brutality case, on "employee misconduct ... in several different areas of criminal law)."

Here, DANY complains that in one of the five cases as to which records have been produced,

*People v. Conlan*, 146 A.D.2d 319 (1st Dept. 1989), the the D.A.'s Office had done an internal investigation. However, DANY's letter omits that the Appellate Division, in reversing the conviction, found that the ADA's explanation was "particularly disingenuous," 146 A.D.2d at 330, and that she had "misled the jury" in a matter that violated the defendant's fundamental due process rights, *id.* at 331. Plaintiff is entitled to contend that the internal investigation was inadequate and to argue that the Office's failure to so much as chastize the ADA following the Appellate Division's decision demonstrates its indifference.

Of the five additional cases as to which Plaintiff requests personnel/disciplinary records, DANY complains that two, *People v. Jennings*, 248 A.D.2d 265 (1st Dept. 1998), and *People v. Watkins*, 189 A.D.2d 623 (1st Dept. 1993), are *Rosario*, not *Brady*, violation cases. However, under New York law, a *Rosario* violation is virtually equivalent to a *Brady* violation: the People must have failed to disclose a written statement of a witness that was material to the outcome of the trial. Often, an appellate court will not reach the constitutional claim presented under *Brady* when it can reverse for a non-constitutional *Rosario* violation. In *Jennings*, the Appellate Division criticized the ADA for not even bothering to try to obtain the *Rosario* material in question from the Police Department – did the D.A.'s Office then investigate to determine the circumstances and whether discipline in some form was appropriate? In *Watkins*, the Court reversed because of the People's failure to preserve physical evidence that the prosecution had introduced at an initial trial – was the prosecutor investigated to determine personal culpability, or was the Office indifferent? Regarding *People v. Curry*, 164 Misc.2d 969 (Sup. Ct., New York Co. 1995), we asked Ms. Hines t o discloser the personnel records of the supervisor, not just the line ADA, where someone at a supervisory level in the DA's office, according to the court decision, determined to keep the trial ADA as well as the defense n the dark about a corruption investigation of the arresting officer. DANY should be required to identify who was responsible for this decision and whether any disciplinary investigation was conducted.

Finally, if this Court believes that any of the above three cases challenged by DANY should be precluded, we request to substitute another such case (or cases). Indeed, as we wrote in our letter of June 6, full discovery in this area should be ordered so that we can complete document production and proceed with depositions on our *Monell* claim.

Respectfully submitted,

Joel B. Rudin

JBR/tp

cc: All Counsel (by ECF)

Sarah Hines, Esq. (by e-mail)
*Assistant District Attorney, New York County*