UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/08/2014
```

---

DANNY COLON,

                              Plaintiff,

        -v-

THE CITY OF NEW YORK et al.,

                              Defendants.

---

12-CV-9205 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

        Plaintiff Danny Colon brings this suit against the City of New York, the New York City

Housing Authority, former New York City Police Department detective James Theis, and former

New York City Housing Authority Detective Michael Codella pursuant to Title 42, United States

Code, Section 1983, alleging that he was maliciously prosecuted for, and wrongly convicted of,

murder.  Now pending is a motion filed by Defendants the City of New York and James Theis to

compel Plaintiff to produce certain purportedly privileged materials.  (Docket No. 100).  At the

Court's request, Plaintiff provided copies of the materials at issue to the Court for its review *in

camera*.  Upon review of the materials, and the parties' submissions in support of, and opposition

to, the motion (Docket Nos. 101-02, 107-08), the Court makes the following rulings.

        First, Defendants' motion is DENIED with respect to Documents 1 through 6, 7, 9, 14-

17, 21, 27, 34-37, 41, 45-47, 49, 51, 52, 64, 84-85, and 92, which the Court finds are protected

by the work-product doctrine.  With respect to Documents 1 through 6 and 64, the Court finds

that Sandra and Adrian Burgos qualify as Plaintiff's "agents" within the meaning of Rule

26(b)(3)(A) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Benedict v. Amaducci*, No. 92-

CV-5239 (KMW), 1995 WL 23555, at *1 (S.D.N.Y. Jan. 20, 1995) (holding that work product

doctrine attached to material prepared in anticipation of litigation by plaintiff's "family friend"); *cf. Dempsey v. Bucknell Univ.*, 296 F.R.D. 323, 330 (M.D. Pa. 2013) (holding that "family member volunteers" qualified as plaintiff's "agents" for purposes of the attorney-client privilege). Further, upon review of the documents, Defendants have not satisfied their burden of showing "substantial need" and "undue hardship" (especially as to Documents 41, 45-47, 51-52, and 84, which constitute core attorney work product), *see, e.g.*, Fed. R. Civ. P. 26(b)(3)(A)(ii); *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981), in part because (1) Plaintiff represents that all prior statements of Anibal Vera have been disclosed; (2) given the age of the documents at issue, they are unlikely to aid significantly in locating Vera today; and (3) Plaintiff and the Burgoses themselves are available to testify at depositions. *See, e.g.*, *Collins v. City of New York*, No. 11-CV-766 (FB) (RML), 2012 WL 3011028, at *4 (E.D.N.Y. July 23, 2012) (finding that where defendants sought core work product, but "ha[d] not demonstrated that [the witness] is unavailable to testify at a deposition, they ha[d] failed to make the requisite heightened showing"); *Tribune Co. v. York Holdings*, No. 93-CV-7222 (LAP), 1998 WL 175933, at *2 ("Substantial need . . . cannot be shown where persons with equivalent information are available for deposition.").[1]

Defendants' motion is also DENIED with respect to Document 71, which the Court finds is protected from disclosure by the attorney-client privilege. Had the letter at issue actually been sent to a journalist (or other third party), it plainly would not qualify as privileged. *See, e.g., Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009) ("It is well-established

---

[1]     The Court recognizes that Lawrence Frost, the author of Documents 85 and 92, is not available to testify due to his death. The information contained in those documents, however, is either of marginal value or easily obtainable by Defendants, so Defendants cannot satisfy their burden under Rule 26(b)(3)(A)(ii).

that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege."). But Plaintiff did not send or otherwise disclose the letter to the addressee; instead, he sent it to his attorney as part of a confidential communication to obtain legal advice. (Daniel Colon Aff., June 5, 2014 (Docket No. 107, Ex. B) ¶ 7). In the absence of an indication that Plaintiff shared the letter with a third party, thereby vitiating any claim of privilege, the mere fact that he drafted it to a third party is not enough to defeat an otherwise valid invocation of the privilege. *Cf., e.g.*, *Robbins v. Myers, Inc v. J.M. Huber Corp.*, 274 F.R.D. 63, 85 (W.D.N.Y. 2011) ("Draft documents prepared by a client and submitted to counsel to facilitate rendering legal advice . . . may remain privileged although the final version was intended for distribution to third-parties provided the draft documents demonstrated an intent to seek confidential legal advice on their content."); *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) (finding no waiver where draft documents, the final versions of which might be sent to other persons, sought legal advice and had not been distributed to others).

By contrast, Defendant's motion is GRANTED with respect to Documents 13 and 53, as to which Plaintiff makes no argument for protection from disclosure. The motion is also GRANTED with respect to those portions of Document 54 that are not protected by Richard Sloan's independent attorney-client privilege (including, but not necessarily limited to, those portions that communicate facts relating to Plaintiff's criminal conviction). Upon review of the document, the Court disagrees with Plaintiff's assertion that he cannot redact the documents to remove privileged material. Accordingly, Plaintiff is directed to produce a redacted version of the document. If there are any disputes with respect to specific redactions, the parties shall confer before raising them (promptly thereafter) with the Court.

Additionally, Defendants' motion is GRANTED with respect to Documents 20, 76, and 77, all of which are documents prepared by Plaintiff's co-defendant in the original criminal case. Plaintiff relies solely on the attorney-client privilege — specifically, on the common-interest doctrine — to avoid disclosure.  (Plaintiff's Opp'n To Defs.' City of New York & James Theis' Mot. To Compel Disclosure Of Privileged Documents ("Pl.'s Opp'n Mem.") (Docket No. 108) 14-15).  The common-interest doctrine, however, "is not an independent source of privilege of confidentiality, so that if a communication is not protected by the attorney-client privilege or the attorney-client work product doctrine, the common interest doctrine does not apply." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 139 (S.D.N.Y. 2012) (internal quotation marks and alterations omitted).  As the attorney-client privilege applies only to "communications between lawyers and their clients" (or others "when the purpose of the communication is to assist the attorney in rendering advice to the client"), *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (internal quotation marks omitted), the fact that an attorney was not party to the communications at issue defeats Plaintiff's assertion of privilege.

Defendants' motion is also GRANTED with respect to Document 19.  Although the document — affidavits prepared by Plaintiff, but never filed, in connection with his post-conviction litigation — appears to be protected by the work-product doctrine, the Court finds that Defendants have demonstrated a "substantial need for the materials," and cannot obtain the substantial equivalent without "undue hardship."  Fed. R. Civ. P. 26(b)(3)(A)(ii).  The affidavits, dated 1999, contain factual assertions made by the Plaintiff regarding events that occurred in 1989 and 1990.  Because of the length of time that has passed, and because Defendants may wish to use these materials to impeach Plaintiff — perhaps the most critical witness in this case — the Court finds that Defendants have met their burden needed to overcome any work-product

protection.  *See, e.g.*, *Johnson v. Bryco Arms*, 03-CV-2582, 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005) (finding that plaintiffs had demonstrated a substantial need for "[a] prior statement by a witness — in this case, a central witness to the case — [that would] provide plaintiffs with a critical piece of impeachment material, particularly if, as [plaintiffs] have indicated, the witness's subsequent depositions have suggested inconsistencies or gaps in memory"); *Varuzza by Zarrillo v. Bulk Materials, Inc.*, 169 F.R.D. 254, 257 (N.D.N.Y. 1996) (finding substantial need where statement would assist in "filling the gaps in . . . testimony and . . . impeachment").

Finally, Defendants' motion is DENIED as moot with respect to Document 22, as Plaintiff represents that he has provided it to Defendants.  (Pl.'s Opp'n Mem. 16).

Plaintiff shall disclose any documents required by this Order within seven days.  The Clerk of Court is directed to file and maintain all of the documents at issue under seal so that they form part of the record in this case.  Finally, the Clerk is directed to terminate Docket No. 100.


SO ORDERED.


Dated: July 8, 2014
      New York, NY

JESSE M. FURMAN
United States District Judge