UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DANNY COLON,                              :

                Plaintiff,    :    Dkt. No. 12-cv-9205 (JMF)

              -against-      :    **DECLARATION OF**
                                                **JOEL B. RUDIN IN SUPPORT**
THE CITY OF NEW YORK, *et al.*,           :    **OF PLAINTIFF'S MOTION**
                                                **FOR DISCLOSURE OF**
                Defendants.   :    **GRAND JURY MINUTES**

------------------------------------------------------------X

       Joel B. Rudin, an attorney duly admitted to practice in the Southern District of New York, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

       1.    I am the attorney for DANNY COLON, the Plaintiff in this action. I submit this declaration in support of Colon's motion for disclosure of grand jury minutes in *People v. William Perez*, New York County Ind. No. 591/90, now that Plaintiff's state court motion has been partially denied. The minutes are essential for Plaintiff's wrongful prosecution claims pursuant to 42 U.S.C. § 1983. I am fully familiar with the facts and circumstances of this case.

## RELEVANT FACTUAL BACKGROUND

### The Underlying Crime and Colon's Exoneration

       2.    In 1993, Colon was convicted of participating in a shooting that occurred on December 8, 1989, on East 4th Street near the FDR Drive in Manhattan. That night, a group of men, apparently in a van, pulled up next to two parked cars and opened fire  The shooting left two men dead and two more – Raphael Garcia and Pedro Mejia – gravely wounded (the "FDR Murders"). *See* Complaint, ¶ 17, D.E. 1.

       3.    Defendant James Theis, then a New York City police detective, was placed in

charge of the investigation of the FDR Murders.  He suspected Daniel Core, a notorious Lower East Side drug kingpin and admitted multiple murderer, was responsible for ordering the shootings.  *Id.*, ¶¶ 20, 21.  During the following weeks, Theis conducted several interviews with the shootings' survivors.  Survivor Raphael Garcia told Theis that, after the van pulled up, two men – William Perez and Nicio Fonseca – jumped out of the van and began shooting.  *Id.*, ¶ 30.  Survivor Pedro Mejia told Theis that he saw Fonseca running towards the van and jump in as it pulled away.  Mejia also told Theis that be believed Gilberto and Wilbur Hernandez were involved with the shootings and that, a few days after the crime, Gilberto Hernandez and William Perez called him in the hospital and threatened him.  *Id.*, ¶ 31.

        4.       Based on the survivors' statements, Theis arrested Perez and Fonseca on or about January 11, 1990.  *See* Complaint, ¶ 32.  Thereafter, on January 19, 1990, Theis and Assistant District Attorney Margaret Finerty interviewed a woman who had spoken with Johnny "Moose" Vargas just after the shooting.  According to this woman, Vargas admitted that a total of four men were present in the van on the night of the shooting: Vargas himself, Wilbur Hernandez, William Perez, and either Danny DeJesus or Eddie Santiago.  *Id.*, ¶¶ 33-37.

        5.       Fonseca was then released on his own recognizance because of doubts about his guilt.  In late January, 1990, Finerty presented the People's case against Perez to the grand jury.  Upon information and belief, Garcia and Mejia testified in those proceedings and implicated Perez and presumably Fonseca and Gilberto and Wilbur Hernandez in the FDR Murders.  However, only Perez was indicted.  Aside from Theis's testimony, no portion of the minutes from the *Perez* proceedings has ever been disclosed to Colon or his attorneys.

        6.       On March 22, 1990, Fonseca was murdered.  Three days later, Garcia and Mejia were also murdered.  *See* Complaint, ¶ 45.  The survivors' deaths left the People with no

homicide case against Perez, who later accepted the People's plea offer to a simple gun-possession charge.[1]  *Id.*, ¶ 87.

7.   No one implicated Colon in the FDR Murders until August of 1990, when Anibal Vera, a petty criminal and drug addict, allegedly told Theis that Colon had spontaneously confessed to Vera his supposed involvement in the shootings.  Vera only implicated Colon in the crime after being arrested, months earlier, for crack-cocaine possession while on probation.  In the interim, Vera was repeatedly interviewed but did not name Colon.  He ultimately did so after Theis threatened to send him to jail on his drug arrest if he did not name someone.  (He also implicated Anthony Ortiz, who became Colon's co-defendant.)  *See* Complaint, ¶¶ 48-52.

8.   Colon was arrested for the FDR Murders on or about October 11, 1990.  Aside from Vera, only one other witness – Daniel Core – implicated Colon (and Ortiz) in the shootings.  Core, like Vera, claimed Colon (and Ortiz) had spontaneously confessed to him.  However, Core only made this claim in 1992, after he had been arrested and charged with various federal and state crimes, including the murders of the two survivors of the FDR Murders.[2]

9.   Colon consistently maintained his innocence before, during, and after trial.  In 2003, Colon, through the undersigned, moved to vacate his conviction on the basis of newly obtained information from Vera that he had received numerous undisclosed benefits from the People in exchange for his testimony against Colon.  Vera also fully recanted his trial testimony implicating Colon in the FDR Murders.

10.   The People opposed Colon's motion to vacate, and it initially was denied after a

---

[1] Before Perez took this deal, the state court consolidated his indictment with Colon's.

[2] *See United States v. Core*, No. 91-cr-423 (S.D.N.Y.); *People v. Core*, Ind. No. 9180/90 (N.Y. County).

hearing. However, on November 19, 2009, the New York State Court of Appeals reversed the decision and vacated the conviction. The Court held that the People had knowingly misled the jury, through Vera's testimony and the prosecutor's summation, about Vera's motive to lie and the benefits he had received for his testimony. *See People v. Colon and Ortiz*, 13 N.Y.3d 343 (2009). The People ultimately agreed to full dismissal of all charges on June 29, 2011.

### Colon's Present Lawsuit and State-Court Motion to Unseal Grand Jury Materials

11.     Colon filed this lawsuit in 2012. Colon alleges NYPD detective James Theis and NYCHA police officer Michael Codella violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose evidence impeaching Vera and Core's credibility, and implicating Core and others in the FDR Murders. *See* Complaint, ¶¶ 163-171. Colon also alleges that Theis manufactured "evidence" against him through his coercion of Vera. *Id.*

12.     Finally, Colon brings malicious prosecution claims against Theis and Codella. Specifically, Colon alleges the detectives caused him to be charged with the FDR Murders, even though they knew Core ordered the shootings and that Colon was not involved in the crime, and that the detectives also withheld evidence from the District Attorney's Office that negated any probable cause to prosecute the Colon for the shootings. *See id.*, ¶¶ 152-156, 163-164.[3]

13.     During the course of discovery, Colon served a subpoena on the New York County District Attorney's Office seeking, *inter alia*, the grand jury minutes in *People v.*

---

[3]Colon has also asserted a claim against the City of New York under *Monell v. Dept. of Soc. Svcs. of the City of New York*, 436 U.S. 658 (1978), alleging the New York County District Attorney maintained a policy of deliberate indifference to its employees' violations of defendants' constitutional rights to due process and a fair trial and, pursuant to this policy, the ADA who prosecuted Colon knowingly misled the jury about the benefits Vera received in exchange for his testimony and suppressed *Brady* material from Colon. *See* Complaint, ¶¶ 172-181. Discovery on this claim has been stayed. *See* D.E. 117.

*William Perez* and *People v. Colon and Ortiz*. The D.A.'s Office refused to disclose these minutes, citing grand jury secrecy. This Court, on comity grounds, directed Colon to seek unsealing of the grand jury materials in state court before it would consider such an application.

14. Colon thereafter moved, on April 9, 2014, for unsealing of the grand jury materials in New York State Supreme Court. *See* Ex. A (Colon's Unsealing Motion). The D.A.'s Office opposed the motion. *See* Ex. B (People's Opposition to Unsealing Motion). On June 3, 2014, the Supreme Court handed down a decision that granted Colon's motion for access to the materials from the Colon and Ortiz grand jury presentation, but was ambiguous as to the Perez materials. *See* Ex. C (June 3, 2014, Order). Thereafter, Colon sought clarification of the court's order and, in the alternative, reargument, on the ground that the state court rendered its decision before the deadline for Colon's reply. *See* Ex. D (Motion for Clarification and Reargument). Upon reargument, the court, on July 11, 2014, denied Colon access to the Perez materials. *See* Ex. E (July 11, 2014, Order).

15. Now, Colon has no other way of obtaining the Perez grand jury minutes, except by this motion. Garcia and Mejia are dead and, since it has been nearly 25 years since the grand jury presentation, it is unlikely that any other grand jury witness, if available, would recall the content of their testimony. As we discuss further in the accompanying Memorandum of Law, the grand jury minutes from *Perez* make up part of the *res* of Colon's *Brady* claims and are needed to prove his malicious prosecution claims. To the extent that any testimony from the Perez grand jury presentation is favorable to Colon by identifying participants in the FDR Murders other than Colon, it should have been disclosed prior to Colon's criminal trial under *Brady* and *People v. Vilardi*, 76 N.Y.2d 67 (1990), and should be disclosed now for that reason as it establishes a component of Colon's *Brady* claim. Moreover, such favorable grand jury

5

testimony also would support Colon's malicious prosecution claim, as it would tend to undercut the probable cause for Colon's prosecution and negate the "presumption" of probable cause.

16. There is no valid reason for the D.A.'s Office to continue to withhold disclosure of these materials. As noted above, any favorable evidence from the Perez presentation should have been disclosed to Colon as *Brady* material at the time of his trial. The identities of the eyewitnesses who implicated Perez (and probably others) in the FDR Murders are fully known, but because they are dead, it is impossible for Colon to obtain from them the substance of their grand jury testimony. Moreover, even if there was some interest in keeping the grand jury minutes in this action secret, despite the death of the principal witnesses, Colon's interest in obtaining these materials far outweighs that interest. Colon was indicted, tried, and convicted for two murders he asserts he did not commit after favorable evidence was withheld from the grand jury, and then at trial. Colon is entitled to compensation for the years in prison he suffered as a result of his wrongful indictment and conviction, but denying him access to these materials would impede his ability to establish his *Brady* and malicious prosecution claims and to obtain redress for the constitutional violations at issue in this lawsuit.

WHEREFORE, for the aforementioned reasons, and for the reasons set forth in the accompanying Memorandum of Law, this Court should order the New York County District Attorney's Office to disclose the grand jury minutes from *People v. William Perez*, or grant such other and further relief as the Court deems just and proper.

JOEL B. RUDIN

Dated: New York, New York
July 22, 2014