UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/20/2014
```

---

DANNY COLON,

                              Plaintiff,

            -v-

THE CITY OF NEW YORK et al.,

                              Defendants.

12-CV-9205 (JMF)

MEMORANDUM OPINION
AND ORDER

---

JESSE M. FURMAN, United States District Judge:

Discovery in this case has been frustratingly slow, delayed by repeated disputes between Plaintiff and the New York District Attorney's Office ("DANY"). (*See, e.g.*, Docket Nos. 48, 55, 56, 71, 72, 74, 76, 105, 111, 114, 122, 123). At a conference held on June 19, 2014, to discuss the then-unresolved disputes, the Court extended the deadline for completion of document discovery to July 31, 2014. (Docket No. 124 (Transcript); *see also* Docket No. 115). Mindful of the fact that the discovery deadlines had already been extended several times, the Court cautioned the parties that if any of the issues discussed were not resolved by that deadline, they "better tell me before July 31. If it is not raised with me before July 31 and I have not addressed it before July 31, I will treat it as done and document discovery over as of that date." (Docket No. 124, at 39). A few minutes later, the Court reiterated that "[d]ocument discovery will close July 31. If someone is not doing things swiftly enough for you to meet that deadline or if there are disagreements that will make it difficult to meet that deadline, it is incumbent upon one or the other of you to raise the issue with me promptly . . . . [I]f there are issues that remain open that are unresolved that require court intervention, it is incumbent upon to you raise them in a timely fashion." (*Id.* at 42).

On July 10, 2014, Plaintiff's counsel filed a letter "updat[ing] the Court" on several alleged

continuing "difficulties" with document production by DANY.  (Docket No. 121).  In the letter, Plaintiff's counsel did not seek the Court's intervention, but noted open issues relating to, among other things, the "Wilbur Hernandez/Danny DeJesus Homicide File," the "Danny Core Homicide File," and the "Gilberto ('Billy') Hernandez File."  (*Id.* at 1-2).  Further, Plaintiff's counsel indicated that he was going on vacation from July 11 to 20, 2014, and that he would have no objection if the July 31, 2014 deadline was extended to August 15, 2014.  (*Id.*).  Although the letter did not technically ask for an extension, the Court endorsed the letter the next day extending the July 31st deadline to August 15th, and cautioning in relevant part that "[n]o further extensions will be granted absent extraordinary circumstances."  (Docket No. 122).

Four days later, apparently unaware of the Court's endorsement, DANY submitted a letter in response to Plaintiff's counsel's letter of July 10, 2014.  (Docket No. 123).  To the extent relevant here, DANY advised that the "Wilbur Hernandez Case File" was sealed as to Hernandez and that Section 160.50 of the New York Criminal Procedure Law precluded DANY from disclosing paperwork from the file pertaining to Hernandez.  (*Id.* at 2).  DANY advised that the "Danny Core Case File" was also "sealed as to the co-defendant, but not as to Core" and that DANY therefore could not legally disclose paperwork relating to that defendant.  (*Id.* at 3).  Finally, DANY informed the Court that, after obtaining additional identifying information from Plaintiff, it had recently located the "Billy Hernandez Case File" and was prepared to meet and confer with Plaintiff's counsel "concerning a reasonable scope of disclosure" after he returned from vacation on or about July 20, 2014.  (*Id.* at 4).

On August 14, 2014 — the day before the deadline for completion of document discovery — Plaintiff filed a letter seeking the Court's intervention with respect to four unresolved discovery issues with DANY.  (Docket No. 145).  The issues relate to Plaintiff's requests for (1) contact information for Mylene Martinez, a civilian witness who apparently testified at the trial of Gilberto

("Billy") Hernandez; (2) DANY's opposition to a motion filed by William Beauchamp (Danny Core's co-defendant) to preclude identification evidence, which was filed *in camera*; (3) certain documents from the case file with respect to the prosecutions of Danny DeJesus and Wilbur Hernandez; and (4) notes and reports from Danny Core's proffer and interview sessions with federal authorities. (*Id.*). On August 19, 2014, DANY responded by letter opposing Plaintiff's requests as untimely and otherwise problematic. (Docket No. 146).

Upon review of the two letters, the first three requests are denied. As DANY's letter makes clear, all three requests raise substantial issues. Plaintiff's request for contact information for a civilian witness, for example, raises legitimate security issues; additionally, DANY has colorable arguments that the request is unreasonable and overly burdensome given the nature of the witness's testimony. (Docket No. 146, at 3-4). The opposition to Beauchamp's motion and the documents at issue in the DeJesus/Hernandez case file, on the other hand, are sealed as a matter of state law. (Docket No. 146, at 3-5). Plaintiff appears to question the basis for that sealing in part under state law (Docket No. 145, at 3), but he does not dispute that the documents are in fact sealed. Additionally, he asks that the Court, "pursuant to [his] broad discovery rights under § 1983, require immediate production" of the materials. (*Id.* at 2; *see also id.* at 3-4). But he cites no legal authority for the proposition that the Court can or should do so, let alone can or should do so in the absence of Plaintiff seeking relief from the state courts first. *Cf. Vazquez v. City of New York*, No. 10-CV-6277 (JMF), 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013) (noting that the Court had denied an application for an order unsealing state court grand jury minutes prior to seeking such relief from the state court); *see also Vazquez v. City of New York*, No. 10-CV-6277 (JMF), Order, Mar. 28, 2013 (Docket No. 81).

Moreover, Plaintiff fails to show good cause for failure to raise these issues in a more timely fashion that would have enabled the Court to have addressed them prior to August 15, 2014

deadline. Plaintiff does not disclose when he learned about the testimony of Mylene Martinez, but there is reason to believe that he has known about it for at least few months. And as DANY's July 15, 2014 letter makes clear (Docket No. 123), Plaintiff was on notice since at least early July that the other files at issue are sealed as a matter of state law, yet he took no steps to get them unsealed. Finally, as DANY's letter makes clear, Plaintiff's counsel waited until just days before the August 15, 2014 deadline to review the relevant files with DANY — and even then, sent an associate with less familiarity with the issues to do so on his behalf. To the extent that DANY was to blame for the delay in that meet and confer (as Plaintiff suggests), it was incumbent upon Plaintiff to raise the issues with the Court before the proverbial eleventh hour.

In light of this history, and the Court's repeated warnings that discovery-related issues had to be raised in timely fashion, Plaintiff's requests are denied. *See, e.g.*, *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) (denying motion to compel discovery served one day before the deadline for the completion of discovery, after seven months of discovery and three extensions of the deadline); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 45 (E.D.N.Y. 2001) ("It is not an abuse of discretion to deny a request to reopen discovery when the requesting party previously asked for discovery extensions, and then waited until the last day of discovery to serve its requests."); *Babcock v. CAE-Link Corp.*, 878 F. Supp. 377, 387 (N.D.N.Y. 1995) (denying motion to compel served on the last day of discovery where the discovery deadline had been extended four times); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (denying motion to compel brought on the last day of the discovery period, noting that were "the motion were to be granted, it would result in protracted discovery, the bane of modern litigation" (internal quotation marks omitted)).

Although DANY also opposes Plaintiff's request for the Danny Core federal debriefing notes as untimely, it states that "if the Court were inclined to grant it," DANY "would not object to

sending copies of any federal investigative reports or debriefing notes found in DANY's Colon and Ortiz file to the appropriate federal authorities, so that they can supply such material to Plaintiff, subject to any privileges or objections they wish to raise." (Docket No. 146, at 5). In light of Plaintiff's diligence in pursuing those materials from the federal authorities (*see* Docket No. 145, at 2), DANY is ordered to do just that. No later than **August 25, 2014**, DANY shall supply the relevant materials to the appropriate federal authorities (and provide a copy of its cover letter doing so to Plaintiff to enable him, in turn, to request the documents from the appropriate authorities). Plaintiff shall promptly seek those materials from the federal authorities, and shall immediately advise the Court of any difficulties in obtaining them.

Document discovery in this case (other than discovery exclusively related to Plaintiff's *Monell* claim, which was previously deferred for later consideration) is now closed. Per the Court's prior orders, all fact depositions (other than those exclusively related to Plaintiff's *Monell* claim) must be completed by **November 1, 2014**, and the parties are due to appear for a pretrial conference on **October 30, 2014**, at **3:30 p.m**. (Docket No. 115). The parties are cautioned once again that they must comply with those deadlines, unless and until they are extended by the Court, and must raise any disputes (after meeting and conferring with counsel in accordance with the Case Management Plan and the Court's Individual Rules and Practices) early enough for the Court to resolve them before the relevant deadline.

SO ORDERED.

Dated: August 20, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge