```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/30/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
DANNY COLON,        :
        :
        Plaintiff,        : 12-CV-9205 (JMF)
        :
        -v-        : MEMORANDUM OPINION
        : AND ORDER
THE CITY OF NEW YORK et al.,        :
        :
        Defendants.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Danny Colon brings claims arising out of his prosecution, trial, and incarceration in connection with a series of gruesome gangland-style murders that took place on December 8, 1989. Central to Plaintiff's case is his claim that the prosecutors responsible for his conviction withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). On July 22, 2014, Plaintiff moved to unseal the grand jury minutes from a different case arising out of the same murders, *People v. William Perez*, New York Cnty. Indictment No. 591/90. (Docket No. 126). The District Attorney of New York County ("DANY") opposed the motion. (Docket No. 135).

      By prior Order, entered August 11, 2014, the Court directed DANY to submit the grand jury minutes at issue to the Court for its *in camera* review. (Docket No. 141). Out of an abundance of caution, the Court also directed Plaintiff to give notice of his motion to William Perez, and granted Perez leave to file any opposition to the motion by September 9, 2014. (*Id.*). Perez was personally served with a copy of the Court's Order and the motion papers on August 24, 2014 (Docket Nos. 149, 155), but to date has not filed any opposition to Plaintiff's motion or

otherwise appeared in this case. Upon review of the motion papers and the grand jury minutes at issue, Plaintiff's motion is granted pursuant to the terms set forth herein.

## DISCUSSION

Although Plaintiff unsuccessfully sought an order unsealing the grand jury minutes at issue from a state court (*see* Decl. Joel B. Rudin Supp. Pl.'s Mot. Disclosure Grand Jury Minutes (Docket No. 127) ("Rudin Decl."), Exs. A, E), it is undisputed that this Court has an independent obligation under federal law to determine whether the grand jury minutes should remain sealed. *See Vazquez v. City of New York*, No. 10-CV-6277 (JMF), 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013); *Frederick v. New York City*, No. 11-CV-469 (JPO), 2012 WL 4947806, at *11, 14 (S.D.N.Y. Oct. 11, 2012). Under federal law, "[t]he presumption of secrecy and closure that applies to grand jury proceedings can be rebutted by a showing of particularized need outweighing the need for secrecy." *United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009) (summary order) (citing *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996)). "A party makes a showing of particularized need by proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Grand Jury Subpoena*, 103 F.3d at 239 (quoting *Douglas Oil Co. of Ca. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

Plaintiff has made that showing here as to the witnesses' testimony in the grand jury minutes at issue. First, Plaintiff has demonstrated sufficient need for the minutes. To the extent that a witness testifying before the Perez grand jury implicated others in the murders for which Plaintiff was convicted, the testimony may well support Petitioner's *Brady* claim and his malicious prosecution claim. *See, e.g.*, *Vazquez*, 2013 WL 2449181, at *1 ("In malicious

prosecution cases, such as this one, courts have . . . recognized an interest in avoiding possible injustice under *Douglas Oil* where plaintiffs adduce facts that strongly suggest misconduct at the grand jury sufficient to rebut the presumption of probable cause if ultimately proven true." (internal quotation marks omitted)).  Additionally, Plaintiff has shown that he has no other avenue for obtaining — let alone using — the information contained in the minutes.  Two witnesses testified before the grand jury: James Theis, a Defendant in this case, and Raphael Garcia, who was murdered approximately two months after his testimony in unquestionably suspicious circumstances.[1]  Thus, Plaintiff cannot obtain Garcia's testimony directly.  *See, e.g.*, *Frederick*, 2012 WL 4947806, at *9 (noting that a plaintiff alleging wrongful prosecution demonstrates need for grand jury minutes where he or she cannot "access witnesses").  And to the extent that Plaintiff can obtain (or has obtained) Theis's testimony through other means (for example, in his prior criminal trial), it is not clear that he could lawfully use it in this case absent a Court order.  *See Vasquez*, 2013 WL 2449181, at *2.

      Second, Plaintiff has made a showing that his need for disclosure is more compelling than the need for continued secrecy.  Although "the critically important secrecy of grand jury proceedings weighs heavily against any request to unseal grand jury records," the interest in secrecy is weakened where, as here, "the underlying trial is long over."  *Vazquez*, 2013 WL 2449181, at *2 (alterations and internal quotation marks omitted).  In fact, the only interest in secrecy applicable here — of the five such interests identified by the Supreme Court in *United States v. Procter & Gamble Co.*, 356 U.S. 677, 681 n.6 (1958) — is "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of

---

[1]    In his motion papers, Plaintiff indicates his belief that an additional witness, Pedro Mejia, testified in the grand jury (*see* Rudin Decl. ¶¶ 2, 5, 6), but that is not the case.

3

crimes." But that "interest standing alone is almost never sufficient to overcome a need for disclosure generated by the need to avoid a possible injustice." *Vazquez*, 2013 WL 2449181, at *2. Moreover, the interest is arguably *promoted* by the release of testimony from a witness who, evidence suggests, may well have been killed in part because he testified as he did.

Finally, Plaintiff's request is structured to cover only the material he needs — namely, the testimony of the witnesses who testified before the grand jury. (Pl.'s Reply Mem. Law Supp. Mot. For Unsealing of Grand Jury Minutes (Docket No. 140) ("Reply Mem.") 4-5).

DANY's principal arguments in opposition to the motion are no longer compelling, if they ever were. First, DANY invokes the privacy interests of Perez. (Mem. Law Opp'n Mot. To Unseal Grand Jury Minutes (Docket No. 135) ("DANY's Mem.") 3-4). DANY, however, cites no authority for the proposition that such interests could override Plaintiff's demonstration of need for the materials, especially if they are disclosed with appropriate safeguards. In any event, pursuant to the Court's prior order, Perez was given notice and an opportunity to be heard in reference to Plaintiff's motion, and he has raised no objection. Second, DANY contends that the "principle of comity between state and federal courts . . . constitutes an important factor that the Court should consider." (*Id.* at 2). But the Court's review is based on an independent body of federal law, and the relevant test itself incorporates the relevant comity values. *See Frederick*, 2012 WL 4947806, at *7. That this Court reaches a different conclusion from the state court, based on an application of federal law and a greater familiarity with the facts and claims in this case, says nothing about the adequacy of the state court's review, and is thus no insult to comity.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion to the extent it seeks an order unsealing the witness testimony from the *Perez* grand jury proceeding. Within **one week**

of this Memorandum Opinion and Order, DANY shall produce a copy of the relevant portion of the minutes to Plaintiff.  Per DANY's request (DANY's Mem. 3-4), to which Plaintiff consents (Reply Mem. 4-5), the minutes are to used only in connection with this lawsuit, *Ortiz v. City of New York, et al.*, No. 400063/2014 (Sup. Ct. N.Y. County), and *Ortiz v. State of New York*, Claim No. 121781; shall be shall be kept confidential and treated as "attorney's eyes only"; shall not be copied or disseminated; and shall be returned to DANY promptly at the conclusion of the aforementioned litigations.  (Plaintiff and DANY shall promptly confer with respect to whether there is a need to enter a more specific protective order regarding the use and disclosure of the minutes at issue and, if either party believes there is, shall promptly advise the Court.)

    The Clerk of Court is directed to terminate Docket No. 126.

    SO ORDERED.

Date:  September 30, 2014
        New York, New York

JESSE M. FURMAN
United States District Judge

5